UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ANTHONY HOWELL,

                    Plaintiff,

    - v -

CITY OF NEW YORK, et al.,

                    Defendants.
-----------------------------------------------------------------x

**DECISION AND ORDER**

CV-06-6347 (ERK)(VVP)

The defendants in this section 1983 action have moved for a protective order concerning a portion of a document which they have produced to the plaintiff in redacted form. The document in question was prepared by the Office of the District Attorney, Kings County (the "District Attorney") when that office declined to prosecute the plaintiff on the charges for which he was arrested by the individual defendants. The document was obtained by the defendants pursuant to a release signed by the plaintiff which permitted the document to be unsealed pursuant to section 160.50 of the New York Criminal Procedure Law. The redaction in question is a line of text designated as the reason for the declination.[1] The plaintiff vigorously opposes the motion.

The defendants' principal argument in support of the redaction is that the text is protected by the work-product doctrine. In federal law, the work-product doctrine is now embodied in Rule 26(b)(3) of the Federal Rules of Civil Procedure, which gives qualified protection for "documents . . . prepared in anticipation of litigation or for trial by or for another party or by or for that party's representative." It is the burden of the proponent of the work-product doctrine to

---

[1] The document was also redacted to prevent disclosure of the tax identification number of the arresting officer. That redaction is not in question.

-1-

establish its applicability to information in question. *See, e.g., In re Grand Jury Subpoenas Dated March 19, 2002 and August 2, 2002*, 318 F.3d 379, 384 (2nd Cir. 2003) (citing *United States v. International Bhd. of Teamsters,* 119 F.3d 210, 214 (2d Cir. 1997); *United States v. Construction Products Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996); *Weber v. Paduano*, No. 02 Civ. 3392 (GEL), 2003 WL 161340, *3 (S.D.N.Y. Jan. 22, 2003). And since bars to disclosure like the work-product doctrine interfere with the public's right to obtain evidence, they are to be strictly construed, *e.g., Trammel v. United States*, 445 U.S. 40, 50 (1980); *In re Grand Jury Subpoenas*, 318 F.3d at 384, and thus "confined within the narrowest possible limits underlying [their] purpose." *United States v. Goldberger & Dubin, P.C.*, 935 F.2d 501, 504 (2d Cir. 1991) (citing, *inter alia*, *In re Grand Jury Subpoena (Shargel)*, 742 F.2d 61, 62 (2d Cir. 1984)); *accord Int'l Bhd. of Teamsters*, 119 F.3d at 214.

Given these principles, the court has concerns that the defendants have not met the burden of establishing that the redacted material constitutes work product within the definition above for reasons not addressed by either party. First, neither the document in which the statement appears, nor the statement itself, was prepared "in anticipation of litigation or for trial" as required by the Rule. *See* Fed. R. Civ. P. 26(b)(3). Rather, both were made precisely because there would be *no* litigation or trial. In addition, protecting the statement of reasons for declining prosecution does not serve the fundamental purpose of the work-product doctrine. "The purpose of the doctrine is to establish a zone of privacy for strategic litigation planning and to prevent one party from piggybacking on the adversary's preparation." *United States v. Adlman*, 68 F.3d 1495, 1501 (2d Cir. 1995). The reason for declining to prosecute has nothing to do with "strategic litigation planning" and disclosing the reason does not permit the plaintiff to

"piggyback" on an adversary's preparation. To be sure, the reason for declining to prosecute clearly constitutes the "mental impression" and "legal conclusion" of an attorney as the defendants argue, and would therefore be entitled to the highest degree of protection *if* it constitutes work product. *See, e.g., United States v. Adlman*, 134 F.3d 1194, 1197 (2nd Cir. 1998). But strictly construed, and confined within the narrowest limits designed to serve its purpose, the court has doubts whether the work-product doctrine protects this particular mental impression and legal conclusion.

Even if the court were to conclude that the statement in question constituted work product, the court would hesitate to protect it from disclosure for a separate reason. The document in question was not prepared "by or for another party or by or for that other party's representative" as required by the Rule. *See* Fed. R. Civ. P. 26(b)(3). In answer to the plaintiff's argument that the defendants are not the proper parties to invoke the work-product doctrine, the defendants' counsel assert that they are legal counsel to the District Attorney in civil rights actions and therefore may properly assert their interests. Putting aside for the moment the question whether the defendants' counsel are also counsel for the District Attorney,[2] the argument begs the question. The District Attorney is simply *not* a party here, and documents

---

[2] The assertion that Corporation Counsel also serve as counsel to the District Attorney is inconsistent with the court's own experience. *See, e.g., Alvarado v. City of New York*, Dkt. No. 04 Civ. 2558 (E.D.N.Y Aug. 5, 2006) (on motion to unseal Queens County grand jury minutes in civil rights action, opposition filed by Queens District Attorney, not Corporation Counsel); *Wilson v. City of New York*, Dkt. No. 06 Civ. 229 (on pending motion to unseal New York County grand jury minutes in civil rights action, opposition to be filed by New York County District Attorney, not Corporation Counsel); *cf. Thompson v. City of New York*, Dkt. No. 05 Civ. 3082, 2006 WL 298702 at *1 (S.D.N.Y. Feb. 7, 2006) (New York County District Attorney asserted work-product doctrine and submitted documents for *in camera* review directly to the court rather than through Corporation Counsel). Since the District Attorney's Offices in this city typically assert their own interests in protecting information in their possession, an argument could be made that the District Attorney here has waived any protections afforded by the doctrine by permitting disclosure of the information to Corporation Counsel.

prepared by the District Attorney therefore do not fall under the definition of work product as articulated by the Rule. To be sure, some courts have recognized work-product protection for materials that were prepared by non-parties. *See, e.g., In re Student Finance Corp.*, Dkt. No. 06-MC-69, 2006 WL 3484387 (E.D. Pa. Nov. 29, 2006); *Thompson v. City of New York*, Dkt. No. 05 Civ. 3082, 2006 WL 298702 (S.D.N.Y. Feb. 7, 2006). Those cases presented factually distinguishable circumstances, however, and numerous other courts have come to the opposite conclusion. *See Ramsey v. NYP Holdings, Inc.*, Dkt. No. 00 Civ. 3478, 2002 WL 1402055 at *6 (S.D.N.Y. June 27, 2002) (collecting cases); *see also In re Student Finance Corp.*, 2006 WL 3484387 at *9 (noting that most courts have concluded that Rule 23(b)(3) protects only parties' work product and citing cases).

The defendants also argue that the redacted information should not be produced because it is irrelevant. That is a question for another day. The defendants have not sought to withhold from discovery, on grounds of irrelevance, the document in which the redacted information appears.³ It is not the practice of this court to permit parties to selectively excise from otherwise discoverable documents those portions that they deem not to be relevant. To do so would require a finding of "good cause" based on a need "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). No such showing has been made. Whether a malicious prosecution claim may be maintained, as the plaintiff asserts, and whether the redacted information would be relevant to such a claim, are

---

³Although the defendants argue in their reply letter that the entire declination is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, Def't Letter, Sept. 20, 2007, at 3, a casual review of the declination reveals numerous items of information about the plaintiff's arrest – including among other things the precinct of arrest, the arresting officer, the time of the arrest, a statement of the reasons for the arrest, and the time of the alleged occurrence – all of which are likely to be relevant at trial or at least reasonably likely to lead to admissible evidence.

matters that may be addressed in subsequent proceedings if such a claim is made. At this point, protection of the excised material based on its lack of relevance is not warranted.

Although the court rejects the defendants' argument that the redaction is justified on grounds of lack of relevance, and has doubts about whether the redacted material constitutes protectible work product, because the issues raised by the court concerning the applicability of work-product protection were not addressed by the parties, the court will afford the parties additional time to submit supplemental letters addressing those issues before reaching a decision. Any such letters shall be submitted within five business days.

                                        **SO ORDERED:**

                                        *Viktor V. Pohorelsky*
                                        VIKTOR V. POHORELSKY
                                        United States Magistrate Judge

Dated: Brooklyn, New York
       September 25, 2007